UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DARLENE DELFINO,

    Plaintiff,

v.                                   Case No: 2:17-cv-00115-SPC-MRM

GULF COAST TOWN CENTER CMBS,
LLC, and ERMC PROPERTY
MANAGEMENT OF ILLINOIS, LLC,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendants ERMC Property Management of Illinois, LLC's ("ERMC") and Gulf Coast Town Center CMBS, LLC's ("Gulf Coast") (collectively, "Defendants") Motions to Dismiss, or, in the alternative, Motions for a More Definite Statement and Motions to Strike filed on February 27, 2017 (Doc. 10) and March 21, 2017 (Doc. 22).[2] Plaintiff Darlene Delfino ("Delfino") filed Responses (Doc. 28; Doc. 29) to both Motions on May 8, 2017. This matter is ripe for review.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Because Defendants' Motions articulate the same arguments (Docs. 10; 22), the Court will address both in this Order.

## BACKGROUND

This is a premises liability action arising from a trip and fall. Gulf Coast owns an outdoor shopping mall ("Gulf Coast Town Center") where ERMC is responsible for "janitorial duties." (Doc. 2 at ¶¶ 5-6). On August 14, 2015, Delfino was a guest at the Gulf Coast Town Center and allegedly tripped and fell on a "raised concrete slab." (Doc. 2 at ¶¶ 10, 12, 14). Because of her alleged injuries from the fall, she sued Defendants in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. (Doc. 1 at ¶ 1). Defendants removed the action to this Court, pursuant to 28 U.S.C. § 1332. (Doc. 1).

Defendants now move for dismissal arguing that Delfino improperly commingled her claims, failed to plead the existence of a "hidden danger," and failed to plead constructive notice. (Doc. 10 at 5-7; Doc. 22 at 5-7). They also contend that the Complaint is legally insufficient because there is no liability for injuries sustained from uneven surfaces under Florida law. (Doc. 10 at 8-9; Doc. 22 at 7-8). Defendants also move to strike Delfino's prayer for prejudgment interest because that is not recoverable in a personal injury action under Florida law. (Doc. 10 at 9-10; Doc. 22 at 9). Delfino opposes Defendants' Motions. (Doc. 28; Doc. 29).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a motion to dismiss under Rule 12(b)(6), the court accepts all factual allegations as true and views them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does

not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). Moreover, it requires more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

## DISCUSSION

### A. Motions to Dismiss

Defendants make five arguments to dismiss Delfino's complaint. They assert that she has failed to plead sufficient facts, improperly commingled her claims, failed to plead the existence of a "hidden danger," and failed to plead constructive notice. (Doc. 10 at 5-7; Doc. 22 at 5-7). They further argue that they are not liable for the alleged injuries that Delfino sustained on the "raised concrete slab." (Doc. 10 at 5-6: Doc. 22 at 5-6). The Court does not need to address every argument because Delfino failed to allege sufficient facts to state a claim.

Defendants argue that the Complaint is filled with vague, conclusory allegations that do not state a plausible claim. (Doc. 10 at 5; Doc. 22 at 5). According to them, Delfino failed to allege the location of the fall, what the alleged dangerous condition was, where the dangerous condition originated, how the slab was dangerous, and the circumstances

of the fall. (Doc. 10 at 5; Doc 22 at 4-5). Delfino responds that she plead her Complaint with the required specificity. (Doc. 28 at 4-5; Doc. 29 at 4-5).

To establish a negligence claim under Florida law, a plaintiff must allege "a duty of care by the defendant to the plaintiff, breach of that duty of care, causation and resulting damages." *Barandas v. Ross Dress for Less, Inc.*, No. 11-62611-CV, 2012 WL 160060, at *1 (S.D. Fla. Jan. 18, 2012) (citations omitted). Deflino has failed to plead sufficient factual allegations to support these minimum requirements. In particular, the allegations related to the "raised concrete slab" that Delfino allegedly tripped over are insufficient. And it is unclear, under Florida law, whether a "raised concrete slab" constitutes a condition that is not inherently dangerous, and, if so, whether the condition falls within an exception.[3] *See, e.g., Casby v. Flint*, 520 So. 2d 281, 282 (Fla. 1988); *Schoen v. Gilbert*, 436 So. 2d 75, 76 (Fla. 1983); *Milby v. Pace Pontiac, Inc.*, 176 So. 2d 554, 556 (Fla. 2nd DCA 1965); *Hilliard v. Speedway Superamerica LLC*, 766 So. 2d 1153, 1155 (Fla. 4th DCA 2000); *Slaats v. Sandy Lane Residential, LLC*, 59 So. 3d 320, 321 (Fla. 3d DCA 2011). Without additional facts concerning the location and nature of the "raised concrete slab" – at a minimum – Delfino's negligence claim fails to state a plausible claim of action.

---

[3] As an aside, Florida courts disagree on whether uneven flooring discharges both a landowner's duty to warn and duty to maintain the property in a reasonably safe condition. *See e.g. Dampier v. Morgan Tire & Auto, LLC*, 82 So. 3d 204, 206 (Fla. 5th DCA 2012) ("[S]ome conditions are so obvious and not inherently dangerous that they can be said, as a matter of law, not to constitute a dangerous condition, and will not give rise to liability due to the failure to maintain the premises in a reasonably safe condition"); *Kersul v. Boca Raton Cmty. Hosp., Inc.*, 711 So. 2d 234, 234 (Fla. 4th DCA 1998) ("[A]lthough the open and obvious nature of a hazard may discharge a landowner's duty to warn, it does not discharge the duty to maintain the property in a reasonably safe condition."); *see also Brookie v. Winn-Dixie Stores, Inc.*, 213 So. 3d 1129 (Fla. 1st DCA 2017) (discussing the dual nature of a landowner's duty to an invitee).

**B. Motions to Strike**

Next, Defendants move to strike Delfino's general prayer for prejudgment interest. (Doc. 10 at 9-10; Doc. 22 at 9). Delfino does not contest Defendants' position. (Doc. 28; Doc. 29). A court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A court may act . . . upon the motion of a party 'either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.'" *Leahy-Fernandez v. Bayview Loan Servicing, LLC*, Case No. 8:15-cv-2380-T-33TGW, 2016 WL 410010, at *1 (M.D. Fla. Feb. 3, 2016) (citing Fed. R. Civ. P. 12(f)).

In diversity cases, "[w]hether a successful claimant is entitled to prejudgment interest is a question of state law." *Venn v. St. Paul Fire and Marine Ins. Co.*, 99 F.3d 1058, 1066 (11th Cir. 1996) (citation omitted). Thus, the issue whether prejudgment interest is recoverable in this action turns on Florida law. "Under Florida law, plaintiffs in personal injury cases have historically not been entitled to prejudgment interest, as damages are too speculative to liquidate before final judgment." *Rivera v. Aaron Rents, Inc.*, No. 8:07-cv-2190-T-30TGW, 2008 WL 638353, at *4 (M.D. Fla. March 5, 2008) (citing *Amerace Corp. v. Stallings*, 823 So.2d 110, 112-113 (Fla. 2002)). Because Delfino has not opposed Defendants' position nor identified an exception to the general rule, the Court strikes Delfino's claims for prejudgment interest. (Doc. 2 at 4, 6).

Accordingly, it is now

**ORDERED:**

1. Defendants ERMC Property Management Company of Illinois, LLC's and Gulf Coast Town Center CMBS, LLC's Motions to Dismiss or, in the

alternative, Motions for a More Definite Statement (Doc. 10) (Doc. 22) are **GRANTED.**

2. Defendants ERMC Property Management Company of Illinois, LLC's and Gulf Coast Town Center CMBS, LLC's Motions to Strike (Doc. 10) (Doc. 22) are **GRANTED**. Plaintiff Darlene Delfino's claims for prejudgment interest on her damages for personal injuries are **STRICKEN** (Doc. 2).

3. Plaintiff Darlene Delfino may file an amended complaint consistent with this order on or before June 30, 2017.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of June, 2017.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record